1
Ryan Lee (SBN: 235879)
Krohn & Moss, Ltd.
2
10474 Santa Monica Blvd. Suite 401
Los Angeles, CA 90025
3
Tel: 323-988-2400 x241
Fax: 866-583-3695
4
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
5
STEVE ZENONE

FILED

2009 AUG 20 P 3: 23

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

#99
Pd
SI

6

7

8

**UNITED STATES DISTRICT COURT,**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

C09    03830    HRL

STEVE ZENONE,

    Plaintiff,

9

10        v.

11  UNITED RECOVERY SYSTEMS, LP,

12        Defendant.

13

Case No.:

**COMPLAINT AND DEMAND FOR**
**JURY TRIAL**

**(Unlawful Debt Collection Practices)**

14

15

16

17

**VERIFIED COMPLAINT**

    STEVE ZENONE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the

following against UNITED RECOVERY SYSTEMS, LP, (Defendant):

18

19

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

*U.S.C. 1692 et seq.* (FDCPA).

20

21

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

22

23

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such

24

25

actions may be brought and heard before "any appropriate United States district court

- 1 -

PLAINTIFF'S COMPLAINT

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4.  Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7.  Plaintiff is a natural person residing in Mount Hermon, County of Santa Cruz, California.

8.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a corporation with its headquarters in Houston, Harris County, Texas.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed to Dell Financial.

13. Defendant contacted Plaintiff at 831-440-8957 and 831-459-5408.

14. Defendant contacted Plaintiff from (888) 593-8409, (800) 568-0399, and (831) 515-0087 seeking and demanding payment for an alleged consumer debt.

15. Defendant places collection calls to Plaintiff at his place of employment despite having

notice that Plaintiff cannot accept such calls.

16. Defendant calls Plaintiff and fails to disclose the call is from a debt collector.

17. Defendant calls Plaintiff and fails to disclose the caller's identity.

18. Defendant did not send Plaintiff a debt validation letter.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

b. Defendant violated *§1692c(a)(3)* of the FDCPA by contacting Plaintiff at his place of employment despite having knowledge that Plaintiff cannot accept such calls.

c. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the plaintiff.

d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of caller's identity.

f. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt because Defendant left messages on Plaintiff's voicemail without meaningful disclosure of the caller's identity.

g. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt because Defendant left messages on Plaintiff's voicemail without disclosing that the communication was from a debt

- 3 -

collector.

h. Defendant violated *§1692e(11)* of the FDCPA by failing properly identify himself/herself while seeking and demanding payment for an alleged consumer debt.

i. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, STEVE ZENONE, respectfully requests judgment be entered against Defendant, UNITED RECOVERY SYSTEMS, LP, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

- 4 -

PLAINTIFF'S COMPLAINT

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

    *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

COUNT II<br>
DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION<br>
PRACTICES ACT

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as

    the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

    a.  Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls

        without meaningful disclosure of the caller's identity.

    b.  Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone

        to ring repeatedly and continuously so as to annoy Plaintiff.

    c.  Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to

        Plaintiff with such frequency that was unreasonable and constituted harassment.

    d.  Defendant violated the *§1788.17* of the RFDCPA by continuously failing to

        comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §*

        *1692 et seq.*

28. As a direct and proximate result of one or more or all of the statutory violations above

    Plaintiff has suffered emotional distress (see Exhibit A).

    WHEREFORE, Plaintiff, STEVE ZENONE, respectfully requests judgment be entered

against Defendant, UNITED RECOVERY SYSTEMS, LP, for the following:

29. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt

    Collection Practices Act,

30. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal.*

    *Civ. Code §1788.30(b),*

- 5 -

PLAINTIFF'S COMPLAINT

31. Actual damages,

32. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

33. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, STEVE ZENONE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  August 7, 2009          KROHN & MOSS, LTD.

By: _____

Ryan Lee
Attorney for Plaintiff

- 6 -

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, STEVE ZENONE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, STEVE ZENONE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 8-14-2009                    _____
                                   STEVE ZENONE

- 7 -

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## EXHIBIT A

PLAINTIFF'S COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness                                                              YES  NO
2. Fear of answering the telephone                                            YES  NO
3. Nervousness                                                                YES  NO
4. Fear of answering the door                                                 YES  NO
5. Embarrassment when speaking with family or friends                        YES  NO
6. Depressions (sad, anxious, or "empty" moods)                              YES  NO
7. Chest pains                                                                YES  NO
8. Feelings of hopelessness, pessimism                                        YES  NO
9. Feelings of guilt, worthlessness, helplessness                            YES  NO
10. Appetite and/or weight loss or overeating and weight gain                 YES  NO
11. Thoughts of death, suicide or suicide attempts                            YES  NO
12. Restlessness or irritability                                              YES  NO
13. Headache, nausea, chronic pain or fatigue                                 YES  NO
14. Negative impact on my job                                                 YES  NO
15. Negative impact on my relationships                                       YES  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

— The Stress has been constant, my wife has moved to her parents with our boys for school. I am remaining at the house to take care of house + yard work. The phone calls from URS don't stop.

        Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-14-2009

_____
Signed Name

Steve Zenone
Printed Name